ANGELO RACHIELE *vs.* GEORGE A. FULLER COMPANY *et al.*

APRIL 30, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an appeal by the petitioner, a former employee of the respondents, from a decree of the superior court denying and dismissing his petition for compensation under the workmen's compensation act, general laws 1938, chapter 300.

The petition was filed on August 13, 1943, to recover compensation for alleged loss of wages as a result of a sprain of the petitioner's right shoulder sustained "On the    day of Aug, A. D., 1941", while he was lifting heavy crates in the course of his employment by the respondents. The undisputed evidence at the hearing in the superior court was that such sprain was thus suffered by him on August 2, 1941, in the course of and arising out of his employment by the respondents.

The justice of the superior court, before whom the petition was heard, filed a decision in which, among other things, he found on all the evidence that on August 2, 1941, the petitioner was thus injured but had failed to prove by a fair preponderance of the evidence that up to July 21, 1943 he had suffered any disability resulting in loss of earnings or that any disability thereafter suffered by him was due to that accident and injury. The petition was therefore denied and dismissed.

The petitioner contends on this issue that there was no evidence to support the trial justice's finding to the effect that the petitioner's disability was not due to the accident and injury which occurred on August 2, 1941.

In the absence of fraud, the above-mentioned findings of fact, if supported by legal evidence, are binding upon this court under the provisions of the act. The petitioner in his brief admits that the trial justice correctly found that the accident on August 2, 1941 did not result in any loss of earnings to him prior to July 21, 1943. The petitioner himself testified that in May, 1943 when he had another accident he was getting from the respondents as wages $48 a week, which was more than he was receiving at the time of his accident on August 2, 1941; and that from May, 1943 until he left the employment of the respondents, he had been doing light work but had been receiving as much in wages as he had received at the time of his accident on August 2, 1941.

After careful consideration, we are of the opinion that there is evidence, both direct and by reasonable inference, to support the trial justice's findings that up to July 21, 1943 the petitioner had suffered no disability resulting in loss of earnings because of the accident of August 2, 1941, and that any disability suffered by him after July 21, 1943 was not due to the accident and injury of August 2, 1941. In our opinion these findings of fact are determinative of the petition, which is based solely on the accident and injury of August 2, 1941. Under such circumstances, it becomes

unnecessary to pass upon any of the other contentions that were made by the parties.

The appeal of the petitioner is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Angelo A. Caldarone, Aram A. Arabian,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews, Thomas J. Hogan,* for respondent.